**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Sergio F.M.,

     Petitioner,

v.

Todd Blanche, *Acting Attorney General*, et al.,

     Respondents.

Case No. 26-cv-2749 (ECT/DTS)

**REPORT AND RECOMMENDATION**

---

## INTRODUCTION

Petitioner Sergio F.M. has been detained by United States Immigration and Customs Enforcement (ICE) since May 20, 2026. Sergio F.M. challenges his detention through a Petition for Writ of Habeas Corpus. Because the Government unlawfully arrested Sergio F.M., the Court recommends the Petition be granted.

## FINDINGS OF FACT

Sergio F.M. is a native and citizen of Bolivia who entered the United States in 2022 as a nonimmigrant visitor for pleasure. Pet. ¶¶ 7, 15, Dkt. No. 1; *see also* Dkt. No. 6-2 at 1.[1] He subsequently applied for political asylum in April 2022, receiving a work permit in September 2022. Pet. ¶ 15. Sergio F.M., who resides in Hopkins, Minnesota, is a "husband and father of two children, a four-year old daughter and a six-month old son[,]" who works as a forklift operator for Dominos Pizza in Eagan, Minnesota. He has no criminal record. *Id.* ¶¶ 7, 17–18. ICE took Sergio F.M. into custody on May 20, 2026, after

---

[1] The Court deems admitted the Petition's uncontested factual allegations. Order 2 n.2, *Dylan M. v. Blanche*, 26-cv-2802 (D. Minn. June 8, 2026) (Dkt. No. 12) (citing *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994)).

he had dropped his children off at daycare and was departing for work. *Id.* ¶ 19. "The ICE officers did not present [Sergio F.M.] with any kind of warrant or paperwork." *Id.*

Following his arrest, ICE served Sergio F.M. with an I-200 administrative arrest warrant, I-286 notice of custody determination, and I-862 notice to appear. Dkt. Nos. 6-1, 6-2, 6-3. All three documents are dated May 20, 2026—the date of Sergio F.M.'s arrest—and were served at Fort Snelling, Minnesota. *Id.* The administrative warrant states that ICE had probable cause to believe Sergio F.M. is removable as follows:

☑ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☑ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☑ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

Dkt. No. 6-1 at 1. The Notice to Appear states Sergio F.M. is removable because he overstayed his temporary visa without authorization. Dkt. No. 6-2 at 1. Since his arrest, Sergio F.M. has been detained at the Sherburne County Jail in Elk River, Minnesota. Pet. ¶ 7.

On May 22, 2026, Sergio F.M. filed the operative three-count Petition. *See* Pet. Count One alleges that ICE violated Sergio F.M.'s Fourth Amendment rights by arresting him without a warrant or probable cause. *Id.* ¶¶ 61–64. In Count Two, Sergio F.M. contends his arrest and ongoing detention violates his Fifth Amendment procedural due process rights. *Id.* ¶¶ 65–73. In Count Three, Sergio F.M. alleges the Government violated its own regulations, including 8 C.F.R. § 287(c)(2)(ii), "[b]y arresting Petitioner

without a warrant and without the requisite probable cause to believe that Petitioner was a flight risk." *Id.* ¶¶ 74–85.[2]

For relief, Sergio F.M. requests: (1) a declaration that his current detention is unlawful; (2) immediate release from custody; (3) an order requiring the Government release him within Minnesota, at a safe time and place communicated to counsel and with all of his belongings in the Government's possession; (4) an order restraining the Government from moving Sergio F.M. during the pendency of the Petition; (5) an order enjoining the Government from implementing any condition of release; (6) the Court "[r]etain jurisdiction over this matter to decide any future motion for an award of reasonable attorney fees and costs pursuant to the Equal Access to Justice Act[.]" Pet. 23–24 (Prayer for Relief).

## ANALYSIS

### I.    Legal Standard

"A district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States." *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025) (citing 28 U.S.C. § 2241(c)(3)). The right to file a writ of habeas corpus "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020). "The burden is on the petitioner to prove illegal detention by a

---

[2] The Petition alleges several other violations of federal regulations as well. *See, e.g.*, Pet. ¶ 78 (alleging that the arresting officer "fail[ed] to identify himself or herself as an immigration officer authorized to execute an arrest and fail[ed] to state the reason for the arrest, . . . violat[ing] 8 C.F.R. § 287.8(c)(2)(iii)").

preponderance of the evidence." *Jose J.O.E. v. Bondi*, No. 25-cv-3051, 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W. H.*, 782 F. Supp. 3d at 703).

## II.      Statutory Framework: ICE's Arrest Authority

Federal agencies, such as ICE, "'literally [have] no power to act'—including under [their] regulations—unless and until Congress authorizes [them] to do so by statute." *Fed. Election Comm'n v. Ted Cruz for Senate*, 596 U.S. 289, 301 (2022) (quoting *La. Pub. Serv. Comm'n v. F.C.C.*, 476 U.S. 355, 374 (1986)). Congress has "provided two mechanisms by which 'it is appropriate to arrest an alien during the removal process." Order 4, *Jesus F.D. v. Mullin*, 26-cv-2486 (D. Minn. June 10, 2026) (Dkt. No. 10) (quoting *Arizona v. United States*, 567 U.S. 387, 407 (2012)). First, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Second, 8 U.S.C. § 1357(a) provides immigration officers with limited authority to make warrantless arrests. Relevant here, an immigration officer may arrest a noncitizen without a warrant "if he has reason to believe that the [noncitizen] so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2). "Because the Fourth Amendment applies to arrests of illegal aliens, the term 'reason to believe' in § 1357(a)(2) means constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

## III.      I-200 Administrative Warrant

Sergio F.M. contends that his detention is unlawful because the Government arrested him without a warrant. Pet. ¶¶ 62, 76. Although he concedes that the

4

Government issued an administrative warrant, he argues that the warrant was only issued *after* his arrest. Pet. Reply 2–10, Dkt. No. 7. The Court agrees.

The warrant was issued and served on May 20, 2026, the day of Sergio F.M.'s arrest. Dkt. No. 6-1 at 1. Although the warrant is not timestamped, and the Government declines to address this timing issue, two facts strongly indicate that the warrant was issued following Sergio F.M.'s arrest. First, ICE issued the warrant based, in part, on "biometric confirmation of the subject's identity[.]" Dkt. No. 6-1 at 1. As other courts in this District have explained, "Petitioner's biometric information could have only been confirmed after Petitioner had been taken into ICE's custody." *Francisco M.A. v. Blanche*, No. 26-cv-2032, 2026 WL 1229701, at *2 (D. Minn. May 5, 2026). Second, ICE served the warrant at Fort Snelling. If ICE already had a warrant for Sergio F.M.'s arrest, the Court would have expected ICE to serve the warrant at the time and place of arrest, not while Sergio F.M. was being administratively processed at Fort Snelling, *see* Dkt. No. 6-4 at 2.[3] Thus, the warrant submitted by the Government fails to supply a lawful basis for Sergio F.M.'s arrest. *Cf. Jefferson G.H.L. v. Blanche*, No. 26-cv-2344, 2026 WL 1229623, at *2 (D. Minn. May 5, 2026) ("Because the warrant was not served until after he arrived at the Sherburne County Jail, such warrant is invalid."); *Francisco M.A. v. Blanche*, No. 26-cv-2032, 2026 WL 1229701, at *2 (D. Minn. May 5, 2026) ("[T]he Court finds that the warrant issued in this case is invalid because it appears that the warrant was either issued

---

[3] The Record of Deportable/Inadmissible Alien suggests that a warrant was issued in March 2026. *See* Dkt. No. 6-4 at 2. No March 2026 warrant has been submitted to the Court. Regardless, "[a] Form I-200 warrant empowers ICE to arrest aliens during removal proceedings. Thus, a warrant issued before removal proceedings have begun purports to exercise authority that does not yet exist." Order 5, *Jesus F.D. v. Mullin*, 26-cv-2486 (D. Minn. June 10, 2026) (Dkt. No. 10). Because the Notice to Appear was issued on May 20, 2026, any prior I-200 warrant for Sergio F.M.'s arrest would be invalid.

in the field or after Petitioner was arrested and detained."); *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *2 (D. Neb. May 19, 2026) ("Because the warrant was not served until after Petitioner was taken into ICE custody, it is invalid."); Order 4–5, *Ruben A.G. v. Blanche*, 26-cv-2041 (D. Minn. Apr. 20 2026) (Dkt. No. 9).

## IV.    Warrantless Arrest

That Sergio F.M. was arrested without a warrant does not end the inquiry. 8 U.S.C. § 1357(a)(2), in conjunction with implementing regulations, "authorizes immigration officers to arrest a noncitizen without a warrant, and determine within 48 hours to issue a warrant of arrest under 8 C.F.R. § 236.1, which subsequently unlocks the door to discretionary detention under 8 U.S.C. § 1226(a)[.]" *Fernando C. C. v. Bondi*, No. 26-cv-1235, 2026 WL 446408, at *2 (D. Minn. Feb. 17, 2026) (citations omitted). The question, then, is whether the Government lawfully arrested Sergio F.M. without a warrant pursuant to § 1357(a)(2). *Cf.* Order 4, *Jesus F.D. v. Mullin*, 26-cv-2486 (D. Minn. June 10, 2026) (Dkt. No. 10) (reasoning that a lawful arrest must precede § 1225(b)(2) mandatory detention).

The Court finds that immigration officials had reason to believe Sergio F.M. was "in the United States in violation of any such law or regulation[.]" 8 U.S.C. § 1357(a)(2). According to the Record of Deportable/Inadmissible Alien, in March 2026, the Pacific Enforcement Response Center contacted ICE's St. Paul Field Office with a lead that Sergio F.M. was residing in the United States illegally. Dkt. No. 6-4 at 2. "Upon reviewing

record checks," the Government determined that Sergio F.M. had overstayed his temporary tourist visa. *Id.*

Nonetheless, nothing in the record suggests ICE had any reasonable basis to conclude Sergio F.M. was a flight risk. The Government argues that there was reason to believe Sergio F.M. would likely escape before a warrant could be obtained because he had "overstayed his visa by several years." Gov. Resp. 8. But "[t]o hold that a noncitizen is likely to escape merely because they are removable would effectively collapse § 1357(a)(2)'s two distinct requirements into one." *Francisco M.A. v. Blanche*, No. 26-cv-2032, 2026 WL 1229701, at \*3 (D. Minn. May 5, 2026); *see also Cesar F.F. v. Blanche*, 26-cv-2540 (D. Minn. June 2, 2026) (Dkt. No. 8) ("The mere fact that Cesar may be removable is insufficient."); *see also Orellana v. Nobles Cnty.*, 230 F. Supp. 3d 934, 946 (D. Minn. 2017) ("[F]or [a noncitizen's] detention under § 1357(a)(2) to be lawful, the Fourth Amendment demands a particularized assessment of Orellana's likelihood of escaping."). Moreover, Sergio F.M. is a husband with two children, has no criminal record, and works as a Forklift driver. Pet. ¶¶ 17–18. All of these facts cut against the likelihood of flight. Absent contrary evidence or reasoning from the Government that Sergio F.M. was a flight risk, the Court finds that his warrantless arrest was unlawful because it did not comply with § 1357(a)(2).[4]

## V.   Remedy

Most courts, when faced with similar petitions, have ordered the petitioner's release from custody. Order 9–10, *Jesus F.D. v. Mullin*, 26-cv-2486 (D. Minn. June 10,

---

[4] Ordinarily, this type of factual dispute would require an evidentiary hearing to resolve. *See, e.g., Shelton v. Ciccone*, 578 F.2d 1241, 1245–46 (8th Cir. 1978). But both parties disclaim the need for an evidentiary hearing here. And why immigration officers

2026) (Dkt. No. 10) (ordering petitioner's release because his "warrantless arrest was not lawful under either §§ 1226(a) or 1357(a)(2)."); Order 9, *Ruben A.G. v. Blanche*, 26-cv-2041 (D. Minn. Apr. 20, 2026) (Dkt. No. 9) (ordering petitioner's release because "ICE agents did not act within their statutory authority in effectuating Petitioner's warrantless arrest"). Accordingly, this Court recommends granting the Petition insofar as Sergio F.M. seeks his release.

### RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.      Sergio F.M.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED;

2.      Sergio F.M. be released from custody within the State of Minnesota at a time and place communicated to his counsel; and

3.      The Government be ordered to return Sergio F.M.'s property, if any, in its possession.

Dated: June 15, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

---

determined Sergio F.M. was "likely to escape" is information uniquely within the possession of the Government. Similar to a warrantless arrest challenge in a criminal context, and in light of this Court's order to show cause, it makes sense to place the burden of proof on the Government. *Cf.* Order 3–4, *Kevin K.L. v. Bondi*, 26-cv-1831 (D. Minn. Mar. 17 2026) (Dkt. No. 8) ("Thus, respondents have not met their burden to show that Kevin was arrested pursuant to a warrant."). The Court will expect—and require—the Government to supply information demonstrating that it lawfully arrested the petitioner in similar habeas cases going forward.

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **5 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **5 days** after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).