UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sergio F.M.,

      Petitioner,

v.

Todd Blanche, *Acting Attorney General*;
Markwayne Mullin, *Secretary, Department
of Homeland Security*; David Venturella,[1]
*Acting Director, Immigration and Customs
Enforcement*; and David Easterwood, *Acting
Director, St. Paul Field Office Immigration
and Customs Enforcement*,

      Respondents.

File No. 26-cv-2749 (ECT/DTS)

**ORDER**

Magistrate Judge David T. Schultz issued a Report and Recommendation dated June 15, 2026.  ECF No. 8.  Judge Schultz recommended that Petitioner Sergio F.M.'s Petition for Writ of Habeas Corpus [ECF No. 1] be granted and that Sergio be released from custody.  ECF No. 8 at 8.  Judge Schultz concluded that (1) the warrant submitted by the Government fails to supply a lawful basis for Sergio F.M.'s arrest; and (2) Sergio F.M.'s warrantless arrest was unlawful because it did not comply with § 1357(a)(2).  ECF No. 8 at 4–7.  Respondents objected to the Report and Recommendation, *see* ECF No. 9, meaning it will be reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).  This Order presumes familiarity with the Report and Recommendation.

---

[1]     Acting Director Venturella is automatically substituted for Todd Lyons.  Fed. R. Civ. P. 25(d).

Respondents make three objections to the Report and Recommendation. First, Respondents argue that a final order of removal issued by an immigration judge on June 16, 2026—the day after Judge Schultz issued the Report and Recommendation—divests the Court of jurisdiction to order Petitioner's release. *See* ECF No. 9 at 1–5; ECF No. 9-1. As a rule, federal district courts do not possess subject-matter jurisdiction to adjudicate claims that directly or indirectly challenge a removal order. "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ." 8 U.S.C. § 1252(a)(5); *see Akinmulero v. Holder*, 347 F. App'x 58, 60–61 (5th Cir. 2009). Here, however, Sergio does not challenge the removal order. The removal order was not in place when Sergio filed his Petition. He does not seek to stay or otherwise contest the removal proceedings. He challenges his detention following his May 20 arrest. The jurisdictional bar in § 1252(a)(5) does not apply.

Second, Respondents contend that 8 U.S.C. § 1231 independently justifies Sergio's warrantless arrest. *See* ECF No. 9 at 2; 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney shall detain the alien."). I disagree. Although Sergio is subject to mandatory detention under § 1231, ICE was still required to have valid statutory authority to arrest him on May 20. *See Luis A.S. v. Easterwood*, No. 26-cv-2447 (PJS/DTS), slip op. at 2 (D. Minn. May 26, 2026), ECF No. 9 ("Like any federal agency, ICE 'literally has no power to act—including under its regulations—unless and until Congress authorizes it to do so by statute.'") (quoting *FEC v. Cruz*, 596 U.S. 289, 301) (2022)). Even "[f]or those subject to a final order of removal, the governing regulation specifically prescribes that the

2

noncitizen 'be taken into custody *pursuant* to the warrant of removal.'" *Ger V. v. Mullin*, No. 26-cv-2543 (KMM/DTS), 2026 WL 1847044, at *3 (D. Minn. June 26, 2026) (quoting 8 C.F.R. § 241.3(a)). "It follows . . . that a warrant of removal must be issued prior to an arrest." *Id.* (citing cases). Here, the record shows that the warrant was issued after the arrest. Pet. ¶¶ 19–21, 77; *see* ECF No. 5 at 3, 7. Deportation Officer Geneva A. Balencia attested that the Form I-200 was "made by an employee of DHS/ICE who obtained information from immigration officers, *Petitioner*, and law enforcement information sources regularly maintained in the ordinary course of business by DHS/ICE." ECF No. 6 ¶ 6 (emphasis added). And the warrant's probable-cause determination points to Sergio's voluntary statements to an immigration officer and biometric information confirming his identity, ECF No. 6-1, and this information could only have been gathered after Sergio was taken into custody. *See Francisco M.A. v. Blanche*, No. 26-cv-2032 (JRT/EMB), 2026 WL 1229701, at *2 (D. Minn. May 5, 2026) ("Petitioner's biometric information could have only been confirmed after Petitioner had been taken into ICE's custody."); *Luis A.S.*, slip op. at 5. In other words, Sergio was arrested by an officer in the field, but a warrant was issued only after he was detained.

Third, assuming Sergio's arrest was warrantless, Respondents argue the proper procedures for a warrantless arrest were followed. *See* ECF No. 9 at 5. They were not. Section 1357(a)(2)'s requirements for a warrantless arrest are (1) a probable-cause showing that the individual violated immigration law and (2) a showing that the individual is likely to escape before a warrant can issue. *See United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). "[A] warrantless arrest under 8 U.S.C. § 1357(a)(2) is a threshold

exception to arrest by warrant and, after the arrest, detention may proceed under Sections 1225, 1226 and 1231." *Fernando C.C. v. Bondi*, No. 26-cv-1235 (LMP/JFD), 2026 WL 446408, at *2 (D. Minn. Feb. 17, 2026).  Judge Schultz agreed with Respondents that immigration officers had reason to believe that Sergio was in the United States in violation of immigration laws.  *See* ECF No. 8 at 6–7 (citing ECF No. 6-4 at 2).  Thus, the only issue with respect to the warrantless arrest is whether there was reason to believe that Sergio was likely to escape before a warrant could be obtained.  On that issue, Respondents point only to their initial briefing on the matter, *see* ECF No. 9 at 5, where they argued that Sergio would "likely escape before a warrant could be obtained" because he "overstayed his visa by several years."  *See* ECF No. 5 at 8.  As Judge Schultz recognized, courts in this district have rejected this argument, *see* ECF No. 8 at 7 (citing cases), and I agree with their reasoning.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.    The Respondents' Objections to Report and Recommendation [ECF No. 9] are **OVERRULED**.

2.    The Report and Recommendation [ECF No. 8] is **ACCEPTED** as explained above.

3.    Petitioner Sergio F.M.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as explained above.

4.    Respondents are **ORDERED** to release Petitioner Sergio F.M. from custody within the State of Minnesota at a time and place to be communicated to his counsel; and

5.      Respondents are ordered to return Sergio F.M.'s property, if any, in its possession.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 8, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court